Eastern District of Kentucky
FILED

JAN 2 6 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-121-KSF

MR. LABEL, INC.,     PLAINTIFF

V.     **MEMORANDUM ORDER**

ALPHA PRINTING SOLUTIONS, INC.,     DEFENDANT

\* \* \* \* \* \* \* \* \* \*

On January 25, 2006, plaintiff moved to compel defendant to provide it with its Rule 26 disclosures, to compel defendant to respond to discovery requests that were served on it on July 27, 2005, and to vacate the Scheduling Order due to the delay resulting from defendant's discovery violations. [DE #12].

Since this motion was only filed on January 25, 2006, defendant has not responded to the foregoing motions, and the time for responding thereto has not expired.

It appears that plaintiff's motion to compel discovery is procedurally deficient in that prior to filing said motion to compel, plaintiff's counsel failed to comply with Local Rule 37.1 and with numerical paragraph 12 of the district court's Scheduling Order entered on October 4, 2005. [DE #9].

Local Rule 37.1 provides as follows:

**Motions Relating to Discovery**

> Prior to filing a discovery motion, all counsel must make a good faith effort to resolve extrajudicially any dispute relating to discovery. The Court will not entertain discovery motions unless counsel have conferred -- or attempted to confer -- with other affected parties in an effort to resolve their dispute. The moving party must attach to every discovery motion a certification that counsel have conferred and are unable to resolve their differences. The certification must detail counsel's attempts to resolve the dispute.

<u>Joint Local Rules for the United States District Courts for the Eastern and Western Districts of Kentucky</u>, p. 12.

Although plaintiff's motion is accompanied by an affidavit of plaintiff's counsel recounting his attempts to obtain the information at issue from defendant extrajudicially, nevertheless, it appears that plaintiff's counsel did not comply with numerical paragraph 12 of the district court's Scheduling Order entered on October 4, 2005 [DE #9], which sets out, *in all capital letters and in bold print*, the following procedure the parties are to follow when a discovery dispute occurs:

> (12) **ALL DISCOVERY DISPUTES ARE REFERRED TO MAGISTRATE JUDGE JAMES B. TODD FOR RESOLUTION, PURSUANT TO TITLE 28, U.S.C., SECTION 636(b)(1)(A). FIRST, THE PARTIES SHALL ATTEMPT TO RESOLVE THE DISPUTE AMONG THEMSELVES.**
>
> **SECOND, IF THE PARTIES ARE UNABLE TO RESOLVE THE DISPUTE, THEY SHALL ATTEMPT TO RESOLVE THE DISPUTE WITH THE MAGISTRATE JUDGE BY TELEPHONE.**
>
> **THIRD, IF AFTER THE TELEPHONE CONFERENCE WITH THE MAGISTRATE JUDGE THE DISPUTE IS NOT RESOLVED, I.E., THE PARTY SEEKING DISCOVERY IS STILL UNSATISFIED WITH THE MAGISTRATE JUDGE'S ORAL OR WRITTEN RULING FROM THE TELEPHONE CONFERENCE, THAT PARTY MAY FILE A WRITTEN MOTION TO COMPEL CONTAINING APPROPRIATE FACTUAL AND LEGAL ARGUMENTS DIRECTED TO THE MAGISTRATE JUDGE. LIKEWISE, IF AFTER THE TELEPHONE CONFERENCE, THE PARTY RESISTING DISCOVERY IS UNSATISFIED WITH THE MAGISTRATE JUDGE'S ORAL OR WRITTEN RULING, THEN THAT PARTY MAY REQUIRE THE OTHER PARTY TO FILE A FORMAL MOTION TO COMPEL CONTAINING APPROPRIATE FACTUAL AND LEGAL ARGUMENTS DIRECTED TO THE MAGISTRATE JUDGE. THE TIME PERIOD FOR FILING THE MOTION TO COMPEL AND THE RESPONSE AND ANY REPLY SHALL BE SET BY THE MAGISTRATE JUDGE IN HIS DISCRETION.**
>
> **THE FOURTH AND FINAL OPTION FOR A PARTY STILL OBJECTING TO THE MAGISTRATE JUDGE'S RULING SHALL BE TO FILE OBJECTIONS WITH THE COURT WITHIN TEN (10) DAYS OF THE MAGISTRATE JUDGE'S RULING PURSUANT TO FED.R.CIV.P. 72(a). ONLY AFTER ALL THE ABOVE STEPS HAVE BEEN COMPLETED WILL THE COURT ENTERTAIN A MOTION TO REVIEW THE MAGISTRATE JUDGE'S FINAL DECISION TO DETERMINE WHETHER IT IS CLEARLY ERRONEOUS OR CONTRARY TO LAW.**

Scheduling Order, ¶ 12, pp. 4-5 [DE #9].

Prior to the filing of the subject motion, the Magistrate Judge was not advised by plaintiff's counsel of the present discovery dispute, and the Magistrate Judge is aware of no telephone call from

either defendant's counsel or plaintiffs' counsel requesting the Magistrate Judge to attempt to informally resolve this discovery dispute.

Consequently, the Magistrate Judge will not entertain plaintiff's motion to compel discovery and to vacate the scheduling order on the merits, due to the failure of plaintiff's counsel to comply with numerical paragraph 12 of the Scheduling Order.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to compel discovery from the defendant and to vacate the Scheduling Order [DE #12] is **DENIED WITHOUT PREJUDICE**.

2. Regardless of neither party's request for a telephone conference with the Magistrate Judge, the Magistrate Judge will conduct a telephone conference call with counsel on Tuesday, January 31, 2006, at 11:00 a.m., in an attempt to resolve this matter informally. Plaintiff's counsel is directed to initiate this conference call; the Magistrate Judge's telephone number is 859-233-2697.

This 26th day of January, 2006.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE